**In re Alfred PILLITERI, Grand Jury Investigation.**

**In re Patsy MORABITO, Grand Jury Investigation.**

**Misc. Nos. 177 and 178 ERIE.**

United States District Court, W. D. Pennsylvania.

Oct. 7, 1976.

2.  *McCarthy et al. v. Slater,* 553 P.2d 489, 492 (Okl.1976).

Blair Griffith, U. S. Atty., Pittsburgh, Pa., for plaintiff.

John L. Doherty, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, District Judge.

The United States has served subpoenas on the two witnesses named in the above caption to appear before a Grand Jury sitting in Pittsburgh on October 6, 1976. The United States has submitted applications for grants of immunity to these witnesses if they should invoke the privilege against self-incrimination at this session.

Counsel for the witnesses has appeared before the witnesses were called to testify, and has moved orally on the record to quash the subpoenas for their appearance on the following grounds.

Each of these witnesses was subpoenaed to appear before a Grand Jury of the Western District of Pennsylvania, sitting in Erie, Pennsylvania, on January 22, 1976. This Grand Jury sitting in Erie in this district was then and there inquiring into matters involving violations of Federal Criminal statutes in the Erie area. Both of these witnesses refused to answer questions propounded to them on the grounds that their answers might tend to incriminate them. The Grand Jury sitting in Erie subsequently indicted a number of persons for violation of the criminal statutes of the United States.

The witnesses are now subpoenaed to testify before another Grand Jury of the Western District of Pennsylvania sitting in Pittsburgh in this district. The reason for the Motion to Quash the Subpoenas for their appearance is that the purpose of calling these witnesses is the preparing of an already pending indictment for trial. This is an improper use of the Grand Jury, *United States v. Dardi*, 330 F.2d 316 [2nd Cir. 1964]. The same problem was considered in *Beverly v. United States*, 468 F.2d 732 [5th Cir. 1972]. There, the appellants had been committed for civil contempt for refusal to answer questions before a Federal Grand Jury while under a grant of immunity, where they had been previously asked the same questions in a prior appearance before that Grand Jury and had refused to testify, invoking the privilege against self-incrimination. The Grand Jury had returned indictments against several persons who were the object of the investigation in which the witnesses had been called to testify. The court found no obstacle to the further appearance of these witnesses before the Grand Jury. It relied on *In re Russo*, 448 F.2d 369 [9th Cir. 1971], where the court stated:

> The grand jury is still in session. We cannot assume that no further information appropriate to their inquiry will be obtained from appellant upon the answering of the questions posed. There may well be involved additional defendants, or additional criminal acts shown to have been committed by Ellsberg. The effective functioning of a grand jury would be seriously affected if it was required to delay its return of an indictment to await an attempt to obtain evidence from a recalcitrant witness. (p. 374).

The court found that it would be proper to subpoena witnesses to inquire of them as to the surrounding circumstances with a view to discovery of the identity of alleged "unknown persons" named in the prior indictment. The court also relied upon the presumption as to the regularity of the acts of public officials. *Consolidated Edison Co. v. N. L. R. B.*, 305 U.S. 197, 59 S.Ct. 206, 83

L.Ed. 126 [1938], and *United States v. Chemical Foundation,* 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131 [1926].

A more concise statement of the controlling rule is set forth in *United States v. Braasch,* 505 F.2d 139 [7th Cir. 1974]:

> Appellants next complain that the Government abused grand jury process by calling prospective witnesses before the Grand Jury for the purpose of preparing an already pending indictment for trial. The short answer is that the Government has every right to interrogate witnesses on subjects relevant to a continuing grand jury investigation even when the evidence received may also relate to a pending indictment. *Beverly v. United States,* 468 F.2d 732, 742 [5th Cir. 1972]. Appellants have shown no prejudice from these occurrences and their contention must fail. *United States v. Star,* 470 F.2d 1214, 1217 [9th Cir. 1972]. (p. 147)

In the present cases the United States has filed an affidavit under *In re Grand Jury Proceedings,* 507 F.2d 963 [3rd Cir. 1975], [Schofield II]. In that case the Court said:

> What Schofield I [486 F.2d 85] did require however, was minimum showing by affidavit *in every case* that each item sought was (1) relevant to an investigation, (2) properly within the grand jury's jurisdiction, and (3) not primarily sought for another purpose.

The Court states this as the minimum showing requirements of Schofield I. It further recited that it could only disturb the failure to require more if an abuse of discretion is shown. The United States Attorney, by affidavit of an Assistant United States Attorney, has stated in affidavit form that the Grand Jury is investigating alleged violations of Title 18 U.S.C. §§ 371, 1955 and 2. He further states that during the course of a continuing investigation conducted by the Federal Bureau of Investigation, and as a result of said investigation, said witness has come to the attention of the United States. He further swears that based on his familiarity with the said investigation, he knows that the testimony of the said witness is relevant to the Grand Jury's investigation.

To attack the statement of the United States Attorney the present witnesses must present more evidence that the investigation is for an improper purpose. Solely because certain persons have been indicted by a Grand Jury of this court sitting in Erie does not foreclose the investigation by another Grand Jury of this District Court sitting in Pittsburgh having district-wide jurisdiction. All that has been brought to the attention of this court is that the present witnesses were brought before another Grand Jury, refused to testify before it, which Grand Jury proceeded nevertheless to indict certain persons, and the witnesses are now subpoenaed before the present Grand Jury in this district where the government is prepared to offer immunity for their testimony. This set of facts does not raise a sufficient presumption in the mind of this court to require the United States Attorney to come forward with further evidence of the purpose of the appearance of these witnesses. The motion to quash the subpoena will, therefore, be denied and the United States may proceed to set a new date for the appearance of said witnesses before the Grand Jury and for an application to this court for a grant of immunity to these witnesses, should they again refuse to testify.

IT IS SO ORDERED this 7th day of October, 1976.